UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Green, | Case No. 12-cv-504 (ADM/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Lori Swanson, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge on the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

Shortly after this action was filed, a stay was imposed in this matter pending the disposition of Karsjens v. Minnesota Department of Human Services, No. 11-cv-3659 (DWF/TNL). That stay has now been lifted following entry of judgment in Karsjens.

On October 4, 2022, this Court issued an Order warning Plaintiff Anthony Green that the Complaint filed in this matter violated the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure. (See Order [Docket No. 21]). The Court explained that at 147 pages and over 300 paragraphs (after including the prayer for relief) the pleading in this matter is plainly not short. The Court further explained that Plaintiff's Complaint is also patently not plain: Plaintiff brings thirty-two causes of action against dozens of defendants and rarely differentiates regarding which of those defendants is alleged to have done what specific actions that the Court is being asked to find unlawful.

This scattershot and unfocused approach to pleading puts an unnecessary burden on both the Defendants and the Court. "It is the [plaintiff's] burden, under both Rule 8 and Rule 11, to

reasonably investigate [his] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing and Redevelopment Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

As the Court previously explained to Plaintiff in its October 4, 2022, Order, Plaintiff failed in meeting this threshold burden. Rather than recommend dismissal of this action pursuant to Rule 8 at that time, however, this Court afforded Plaintiff an opportunity to submit, within thirty (30) days, an amended complaint that complies with Rule 8.

The deadline for Plaintiff to submit an amended complaint has now passed. Plaintiff has not, however, submitted an amended complaint or otherwise responded to this Court's October 4 Order. The overlong and overcomplex pleading that commenced this matter remains the operative pleading in this matter.

Accordingly, for the reasons explained herein and in the Court's October 4, 2022, Order, it is now recommended that this matter be dismissed without prejudice for failure to comply with Rule 8. See Olson v. Little, 978 F.2d 1264 (8th Cir. 1992) (table disposition) (affirming sua sponte dismissal of complaint on Rule 8 grounds). This recommendation of dismissal, if adopted, renders moot Plaintiff's pending application to proceed in forma pauperis, [Docket No. 2], and his Motion for preliminary injunctive relief. [Docket No. 5].

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** as filed in violation of Rule 8 of the Federal Rules of Civil Procedure;

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**;

   and

3. Plaintiff's Motion for preliminary injunctive relief, [Docket No. 5], be **DENIED as moot**.


Dated: November 22, 2022                s/Leo I. Brisbois
                                        Hon. Leo I. Brisbois
                                        United States Magistrate Judge


# **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).